UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW L. HOPPOCK,<br><br>       Plaintiff,<br><br>   v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>       Defendant. | Civil Action No. 20-0316 (RCL) |

**DEFENDANT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Undersigned counsel respectfully submits this response to the Court's Order to Show Cause "why he should not be held in contempt of court or otherwise sanctioned for failure to comply with the Court's order to file a joint status report by 6/30/2023." Order of July 26, 2023, ECF No. 37. On account of an emergency hospitalization of counsel's son that both caused counsel to be unavailable to participate in the June 30, 2023, joint filing or to be alert to its passing without Defendant's affirmative participation, counsel respectfully requests that the Court's Show Cause Order be discharged. Counsel deeply regrets any inconvenience his lapse caused and assures the Court and Plaintiff that it was neither the product of willful disregard of Court orders nor careless calendaring, but an essentially involuntary response to traumatic events described below.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on February 5, 2020. ECF No.1. The lawsuit is based upon three separate Freedom of Information Act ("FOIA") requests. Defendant answered on April 13, 2020. ECF No. 11. After conducting searches for responsive records, it was determined that one of Plaintiff's very broad requests yielded some 23,000 pages. After negotiations between the parties, the search was limited to six custodians, which still generated more than 10,000 responsive

pages to be processed. Not only the volume of records, but also the large tranche of records that required consultation by other agencies (over which Defendant could not always exert effective control or influence), explain the years of active processing and review.

By December 2022, Defendant had completed its production, including records submitted for consultations to other agencies. ECF No. 30. The parties agreed to meet and confer in an attempt to resolve the case without an unnecessary multiplication of the proceedings and report back to the Court by February 10, 2023. *Id.* By March 13, 2023, Plaintiff had proposed, and Defendant had substantially accepted, a manner of resolution of the matter, with only a single record still in dispute. *See* ECF No. 32.

The Court then dismissed the matter from the active docket, subject to reinstatement upon application of either party within sixty days (i.e., by May 29, 2023), should settlement not have been consummated by such time. ECF No. 33. Three days before that deadline, Plaintiff filed—with Defendant's consent—its Motion to Reinstate. ECF No. 34. It was not until May 25, 2023, that Plaintiff provided Defendant with Plaintiff's attorney's billing records. *Id*. On May 31, 2023, the Court reinstated the case, setting June 30, 2023, for the next joint status date. ECF No. 35.

**RELEVANT FACTS: THE EVENTS OF JUNE 30, 2023**

On June 23, 2023, following weeks of time-consuming pre-surgical preparations and testing, including a five-hour pre-operative appointment on June 21, 2023, counsel's minor son underwent brain surgery at Children's National Medical Center in Washington, D.C. to address a serious issue that had caused multiple seizures during the weeks after Plaintiff's counsel provided billing records on May 25, 2023. One week after surgery—on June 30, 2023—and while fully medicated, counsel's son suffered a grand mal seizure that was far worse than the nature, length

and scope of the seizures whose eradication was the surgery's purpose. Counsel's son remained hospitalized through the night and well into the next day, Saturday, July 1, 2023.

Counsel's son then was released with multiple prescriptions for new medications and complex dosing and weaning instructions to be carefully followed over the next week. The tumult and upset caused by his son's medical condition simply blotted out any recollection of the deadline such that counsel mind never passed back over it. That remained the case during the following days of counsel's hyper-vigilant focus on his son's care and observation. Given the events of June 30 and the ensuing struggle counsel faced as he tried to get back on track of multiple matters once his schedule finally was normalized as his son recovered, this matter regrettably was missed for a period.[1]

## LEGAL STANDARDS

Courts have inherent authority to enforce their orders through the exercise of contempt powers. *Cobell v. Norton*, 334 F.3d 1128, 1141 (D.C. Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Contempt citations are to be issued with caution and "only when the rules do not provide the court with sufficient authority to protect their integrity and to prevent abuses of the judicial process." *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (enumerating other court sanctions, such as fines, awards of attorneys' fees and expenses and disqualifications or suspensions of counsel).

## DISCUSSION

Undersigned counsel respects the authority of the Court, as well as the importance of the deadlines it sets for the fair and efficient administration of justice. Moreover, counsel greatly

---

[1] Prior to the Court issuing the Order to Show Cause, the undersigned had made further progress in considering Plaintiff's fee demand. Specifically, on July 11, 2023, counsel emailed Plaintiff's counsel to alert Plaintiff that the agency was actively considering Plaintiff's proposal.

appreciates the importance of responding to communications from opposing counsel and of collaborating to resolve issues where possible so as to minimize unnecessary litigation and to help cases be brought to a timely end. Undersigned counsel regrets that, because of the events of June 30, 2023, Defendant did not participate in the filing that the Court had required to be made jointly. But counsel's unavailability was with just cause: it was involuntary.

Undersigned greatly regrets having been unavailable to ensure that Defendant fully participated in the joint filing. The essential information conveyed in the Plaintiff's Status Report, however, is correct despite Defendant's inability to join it. The report accurately conveyed that all issues but attorney's fees are resolved and, relative to that sole remaining issue, that Defendant first obtained Plaintiff's necessary billing records on May 25, 2023. It is obvious that a counteroffer was not conveyed by June 30, 2023. But the status report filed by Plaintiff did, in fact, convey the more salient detail that the medical emergency detailed above was not the reason that a counteroffer has yet to be made. Specifically, in response to Plaintiff's mid-June email request for a status update, undersigned candidly conveyed that Defendant required additional time beyond June 30, 2023, to consider Plaintiff's demand and potentially propose a counteroffer – and that some of that time relates to the agency's own internal deliberations and approval processes.

Undersigned counsel respectfully requests that the Court exercise its discretion to discharge the Show Cause Order. As demonstrated, counsel's oversight was not willful. It was the involuntary result of overwhelming and extremely distracting personal circumstances. Happily, in recent weeks counsel's son's condition has begun improving, and counsel has been able to return to his professional obligations. Counsel and his client are actively evaluating Plaintiff's proposal to resolve the demand for attorney's fees, and they anticipate responding in the coming days.

Hopefully, the parties will be able to reach a mutually acceptable resolution of the fees issue and thus bring this suit to a close.

Counsel respectfully submits that neither contempt nor sanctions are necessary to ensure compliance with this Court's orders in this case. The pattern of counsel's participation in all prior status reports demonstrates as much. And because it was the unexpected and uncontrollable impact of a serious medical emergency that caused the lapse here, neither contempt nor sanctions could have prevented a different result in this instance.

Accordingly, undersigned counsel respectfully requests that the Show Cause Order be discharged. Although he will be on long-planned annual leave with his son, counsel further will be sure to join with Plaintiff in submitting a joint status report by August 8, 2023, as ordered by the Court.

Dated:  August 4, 2023                                        Respectfully Submitted

                                                              MATTHEW M. GRAVES, D.C. Bar #481052
                                                              United States Attorney

                                                              BRIAN P. HUDAK
                                                              Chief, Civil Division

                                                        By:  /s/ *John Moustakas*
                                                              JOHN MOUSTAKAS, D.C. Bar #442076
                                                              Assistant United States Attorney
                                                              601 D Street, N.W.
                                                              Washington, D.C. 20530
                                                              (202) 252-2518
                                                              john.moustakas@usdoj.gov

                                                              *Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW L. HOPPOCK,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>      Defendant. | Civil Action No. 20-0316 (RCL) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's response to the Court's order to show cause of July 26, 2023, and the entire record herein, it is hereby

ORDERED that the show cause order is DISCHARGED.

SO ORDERED:

_____                   _____
Dated:                                           ROYCE C. LAMBERTH
                                                    United States District Judge